NATHANIEL HAYWARD, APPELLANT, *v.* THE LIVER-
POOL AND LONDON FIRE AND LIFE INSURANCE
COMPANY, RESPONDENTS.

*Insurance—Loss by Fire occasioned by Explosion—Steam-engine.*

In a policy of insurance upon a building in which there is a steam-engine, a
clause exempting the company from liability, when the loss by fire is occa-
sioned by any explosion, must be construed as applicable to an explosion of the
engine within the building, as well as to the explosions of any kind without
the building; and the fact that an extra premium was paid on account of the
increased risk from the engine within the building does not change the
construction.

PARKER, J.—The provision in the policy, that the company will
not be liable to make good any loss or damage by fire, which shall
happen or arise by any explosion, repeated in the conditions
appended, and referred to in the policy, must, I think, be taken
to include an explosion of the steam-engine insured, as well as
any external explosion.

There is no inconsistency in such construction with the fact
that the engine itself was insured against fire.    The company
might well say: We will insure your factory, engine included,
against fire produced from every cause, except an explosion of the
engine.    So far from there being any inconsistency in this, it is
impossible to say that it was not a wise and reasonable provi-
sion, intended to induce carefulness in the management of the
engine, and to refuse the risk of carelessness in its use.    It is said
the Defendant has been paid an extra price for the risk caused by
the engine.    Still, the exception in the risk of its explosion is not
inconsistent with that fact.    Undoubtedly the use of a steam-
engine, and without respect to its liability to explode, increases
the hazard of loss by fire to a building in various ways, which
sufficiently accounts for the extra charge for insurance, where one
is used.    In the case of Harper *v.* The Albany Mutual Ins. Co.
(17 N. Y. R. 194), relied upon by the Defendants, the doctrine
affirmed was, that in construing a policy of insurance, the intent

of the parties is to be gathered from both the written and printed portions, and effect given to both, so far as can be ; but in case of repugnancy between them, the written part shall prevail over the printed part ; and the principle was illustrated by the learned judge who gave the opinion of the Court, in the following manner : " When the insurance is directly upon the stock in trade, as, for example, in the business of manufacturing and sale of camphene, to hold that a general printed prohibition (contained in every policy of insurance) against keeping or using it, unless permission be specially given and endorsed upon the policy, would have the effect to nullify its direct and positive stipulations, would be preposterous."

The case at bar is very different from that of Harper *v.* The Albany Mutual Insurance Co. ; and as we have seen that there is no repugnancy between the insurance of the engine against loss by fire and the exception of loss and damage by fire occasioned by the explosion of the engine, it is not within the principle of that case.

The inquiry always is, is there between the exception and the scope of the undertaking in the policy any repugnancy ? If not, in construing the policy the intent of the parties is to be gathered from both the written and printed portions, and effect given to both, according to the ordinary rules of construing written contents.

I am of the opinion that the judgment of the Supreme Court is right, and should be affirmed.

All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.
